Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff Tara Hargrove*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TARA HARGROVE,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WOLFGANG PUCK ENTERPRISES, INC.** a California Corporation **and W.P. APPLIANCES, INC.,** a Florida Corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Implied Warranty of Merchantability<br><br>4. Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **TARA HARGROVE** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C**., hereby submits the following Complaint and Demand for Jury Trial against Defendant **WOLFGANG PUCK ENTERPRISES, INC.** ("Wolfgang Enterprises")

and Defendant **W.P. APPLIANCES, INC.** (hereafter referred to as "Wolfgang Appliances") (collectively referred to as "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendants design, manufacture, market, import, distribute and sell a wide-range of consumer kitchen products, including the subject "Wolfgang Puck Elite Heavy Duty 7-quart Electric Pressure Cooker," which specifically includes the Model Number BPCRM040 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, its families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her catastrophic bodily injuries and damages.

4. Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk

---

[1] *See*, e.g. Wolfgang Puck BPCRM040 Owner's manual, pg. 10. A copy of the owner's manual is attached hereto as "Exhibit A".

2
**COMPLAINT AND DEMAND FOR JURY TRIAL**

of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF TARA HARGROVE

6. Plaintiff is a resident and citizen of Fort Wayne, Indiana.

7. On or about May 12, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" mechanisms, which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANTS WOLFGANG PUCK ENTERPRISES, INC. & W.P. APPLIANCES, INC.

8. Defendants design, manufacture, market, import, distribute and sell a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

9. Defendant Wolfgang Enterprises is a California corporation with its principle place of business at 11400 West Olympic Boulevard, Suite 330, Los Angeles, CA 90064.

10. Defendant W.P. Appliances is Florida corporation with its principle place of business at 2475 Hollywood Boulevard, Hollywood, Florida 33020.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this district.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of California and has intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cooker at issue in this litigation.

15. Defendants boast that their pressure cookers have a "safety feature" that will prevent the lid from opening while the unit remains under pressure.

16. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers' "safety feature" purportedly keeps the lid of the pressure cooker from opening once pressurize.

17. Specifically, the manual states that "[a]s a safety feature, the lid will not open unless all pressure is reduced."[2]

18. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

19. Plaintiff used his pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendants.

---

[2] *Id.* at pg. 10.

4
**COMPLAINT AND DEMAND FOR JURY TRIAL**

20. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendants in that they failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

21. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24. As a direct and proximate result of Defendants' concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

25. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**FIRST CAUSE OF ACTION**

**<u>STRICT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST WOLFGANG PUCK

ENTERPRISES, INC. & W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

29. Plaintiff and her family did not misuse or materially alter the pressure cooker.

30. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendants failed to adequately test the pressure cookers; and

     f.   Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**SECOND CAUSE OF ACTION**

**<u>NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST WOLFGANG PUCK ENTERPRISES, INC. & W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

34. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

36. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

1  37. Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce; and

    c. Were otherwise careless or negligent.

38. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST WOLFGANG PUCK ENTERPRISES, INC. & W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS

39. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40. At the time Defendants marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendants warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

41. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

42. Plaintiff reasonably relied on Defendants' representations that its

1 pressure cookers were a quick, effective and safe means of cooking.

2     43. Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

    44. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

    45. Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

    **WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGANST WOLFGANG PUCK ENTERPRISES, INC. & W.P. APPLIANCES

    46. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

    47. Defendants manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

    48. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

    49. Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with

its use.

50. Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

51. Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## **INJURIES & DAMAGES**

52. As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

53. As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

54. As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the catastrophic burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendants on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendants;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: April 28, 2022

**HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800

11
**COMPLAINT AND DEMAND FOR JURY TRIAL**

|   |   |
|---|---|
| 1 | |
| 2 | St. Paul, MN 55101 |
|   | Telephone: (612) 436-1800 |
| 3 | Fax: (612) 436-1801 |
|   | Email: mjohnson@johnsonbecker.com |
| 4 | Email: kpearson@johnsonbecker.com |
|   | Email: akress@johnsonbecker.com |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: April 28, 2022**               **JOHNSON BECKER, PLLC**


By */s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)